Johnson, J.
So far as the estate of Henry L. Curtis,- deceased, is concerned, its liability in this case must arise, if at all, out of the obligations of the bond signed by him. Neither he nor his estate sustained any other relation to the controversy than was created by his becoming surety for Stevens on the bond.
On the trial of the cause in.the common pleas court, the records of the probate court on the exceptions to the account of Baldwin, as assignee, and of the common pleas court originally on appeal from the judgment of the probate court upon said exceptions, were offered in evidence. From the entry made by the court of common pleas it appears that on March 30, 1900, that court found that the judgment of Stevens against D’Arcey was paid and that the exceptions of the creditors of D’Arcey to the account of Baldwin, assignee, should be sustained. The case was then taken on error to the circuit court where the judgment of the common pleas court was sustained. A petition in error was filed in this court, which was dismissed on May 7, 1901, for failure to file printed record.
When did the caus.e of action against the estate of Henry L. Curtis, deceased, on the bond signed by him accrue? The court of common pleas entered its judgment sustaining the exceptions of the creditors of D’Arcey to the account of Bald- ' win, assignee, on March 30, 1900. The court directed that no part of the claim of said Stevens should be paid out. of the assets in the hands of the assignee. That judgment has remained unreversed and was the conclusive determination of *161 the controversy involved in the original proceedings. There was no supersedeas bond filed when the cause was taken to the circuit court by Stevens and Curtis, nor when brought to this court on error. Therefore, on the entry of the judgment in the court of common pleas the right of action, against Stevens and Curtis on their bond accrued. The judgment of the court of common pleas on the exceptions to the account of Baldwin determined the rights of the parties as of that date, and Baldwin, the assignee, could have at once brought suit upon his indemnity bond.
The executor of Curtis was appointed April 5, 1897, and notice of his appointment at once given. Section 6113, Revised Statutes, as then in force, provided that no executor after having given notice of his appointment should be held to answer to the suit of any creditor of the deceased, unless it be commenced within four years from the time of his giving bond “excepting in the cases hereinafter mentioned; provided, however, that any creditor whose cause of action shall accrue or shall have accrued after the expiration of four years from the time that the executor or administrator of such estate shall give or shall have given bond according to law, and before such estate is fully administered, may commence and prosecute such action at any time within one year after the accruing of such cause of action, and before such estate shall have been fully administered; and no cause of action against any executor or administrator shall be adjudged barred, by lapse of time, until the expiration of one year from the time of the *162 accruing thereof.” The will having exempted the executors from giving bond, the statute began to run from the time of the appointment of the executors and the giving of notice. Delaplane v. Smith, 38 Ohio St., 413. The executor having been appointed and having given notice April 5, 1897, the four-year limitation expired April 4, 1901. As we have seen, the cause of action against the estate of Curtis accrued March 30, 1900, more than one year prior to the expiration of the four-year limitation. The assignee of D’Arcey was, therefore, entitled to bring his action .against the estate of Curtis at any time prior to April 5, 1901. The suit was actually begun in November, 1901, and was barred by the statute.
We have considered the other assignments of error, but find no error in the record, and the judgment will be, affirmed.

Judgment affirmed,

Nichols, C. J., Shauck, Donahue and Newman, JJ., concur.